**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**GIOVANNA SUAREZ, on behalf of**
**herself and all others similarly situated,**

     **Plaintiff,**

**v.**                                **Case No.:**

**COMPREHENSIVE HEALTH**
**SERVICES, LLC; and CALIBURN**
**INTERNATIONAL, LLC,**

     **Defendants.**
_____/

## COMPLAINT

Giovanna Suarez ("Plaintiff"), on behalf of herself and all others similarly situated, by through her undersigned counsel, sues Comprehensive Health Services, LLC, and Caliburn International, LLC ("Defendants").

## NATURE OF THE ACTION

1.    This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 ("WARN") 29 U.S.C. § 2101-2109 *et. seq*.

2.    Plaintiff, and the class of similarly situated employees she seeks to represent, were terminated as part of, or as a result of, a shutdown or mass layoff ordered by Defendants. As such, Defendants have violated the WARN Act by failing to give Plaintiff, and the class of similarly situated employees she seeks to represent, at least sixty (60) days advance written notice of termination. As a consequence, Plaintiff and other similarly situated employees, are entitled under the WARN Act to recover from Defendants 60 days' wages and ERISA benefits, none of which have been paid.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 15 29 U.S.C. § 2104 (a)(5).

4.       The facility at which Plaintiff and other similarly situated employees worked is located in this district.

## THE PARTIES

5.      Upon information and belief, at all relevant times, Defendant Comprehensive Health Services, LLC was a foreign for-profit corporation with its principal place of business in Cape Canaveral, Florida.

6.      Upon information and belief, at all relevant times, Defendant Caliburn International, LLC was a foreign limited liability company with its principal place of business in Reston, Virginia.

7.      In accordance with a contract with the United States, Defendants operated a shelter in Homestead, Florida for unaccompanied minor children arriving to the United States from Central America (the Facility).

8.      Plaintiff and other similarly situated employees were employed by Defendants and reported to the Facility until the Defendants terminated their employment on or around November 1, 2019.

9.      Beginning on or about November 1, 2019, Defendant ordered the termination of Plaintiff and other similarly situated employees at the Facility without providing advance written notice as required by the WARN Act.

## THE CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. § 2101 *et al.*

10.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 above, as if set forth herein.

11.     Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who worked at the Facility and who were terminated on or about November 1, 2019 (the "Proposed Class").

12.     On April 19, 2018, Defendants hired Plaintiff to work as a clinical counselor at the Facility, which is formally known as the Homestead Temporary Shelter for Unaccompanied Children.

13.     Although formally known as the Homestead Temporary Shelter for Unaccompanied Children, the Defendants did not provide the Plaintiff and the Proposed Class members with an ascertainable end point for their employment upon hire.  Additionally, the positions held by Plaintiff and the Proposed Class members were related to a specific contract that was expected to be renewed for the foreseeable future.

14.     On October 25, 2019, the Plaintiff received correspondence from Defendants notifying her that the United States was not extending its contract with Defendants to operate the Facility.  According to that correspondence, the Defendants' contract with the United States would end on November 30, 2019, and most of the employees working at the Facility would be terminated no later than November 1, 2019.

15.     Each Proposed Class member was terminated under similar circumstances and is similarly situated to Plaintiff in respect to his or her rights under the WARN Act.

16.     Plaintiff and the Proposed Class members were discharged by Defendant without cause on his or her part.

17.     Defendants were required by the WARN Act to give Plaintiff and each of the Proposed Class members at least sixty (60) days prior written notice of their respective terminations.

18.     Prior to their terminations, neither Plaintiff nor the Proposed Class members received any written notice that complied with the requirements of the WARN Act.

19.     At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by 20 U.S.C. § 2101 of WARN and employed more than 50 employees at the Facility.

20.     At all relevant times, Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1).

21.     At all times relevant herein, Plaintiff and Proposed Class were "employees" of Defendant as defined by 29 U.S.C. § 2101.

22.     On or about September 20, 2018, Defendant ordered a "mass layoff" or "plant closing" as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3), by ordering the termination of the employment of Plaintiff and more than 50 similarly situated members of the Proposed Class members who worked at the Facility (the "Aggrieved Employees").

23.     Defendants' actions at the Facility resulted in an "employment loss" for at least thirty-three percent of its employees, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be

given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

24.     Defendant's permanent termination of the Aggrieved Employees constituted a "mass layoff" or "plant closing" as defined by 29 U.S.C. § 2101.

25.     Plaintiff and the Proposed Class are "affected employees" as defined by 29 U.S.C. § 2101.

26.     Pursuant to § 2102 of WARN Act, Defendants were required to provide Plaintiff and the Proposed Class at least sixty (60) days prior written notice of their terminations.

27.     Defendants failed to give at least sixty (60) days prior written notice to Plaintiff and the Proposed Class members of their terminations, in violation of the WARN Act.

28.     Defendants failed to pay the Aggrieved Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for sixty (60) days following their respective terminations, and failed to make any required pension and 401(k) contributions, failed to provide other employees benefits under ERISA, and failed to pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

29.     As a result of the Defendants' failure to pay the wages, benefits and other amounts owed, the Aggrieved Employees were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick pay and benefits, including retirement benefits, which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## CLASS ACTION ALLEGATIONS
## FEDERAL RULES OF CIVIL PROCEDURE 23 (a) and (b)

30.     Plaintiff asserts this claim on behalf of herself and the Proposed Class pursuant to Rule 23 (a) and (b) (3) of the Federal Rules of Civil Procedure.

31.     Plaintiff and the Proposed Class constitute a class within the meaning of Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure.

32.     The Proposed Class is so numerous as to render joinder of all members impracticable as there are, upon information and belief, at least 50 persons who are included in the Proposed Class.

33.     Common questions of law and fact are applicable to all members of the Proposed Class.

34.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Proposed Class:  all Proposed Class members enjoyed the protection of the WARN Act; all Proposed Class members were employees of Defendants who, prior to the terminations, worked at the Facility; Defendants terminated the employment of all the members of the Proposed Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Proposed Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

35.     The questions of law and fact common to the members of the Proposed Class, as above noted, predominate over any questions affecting only individual members, and thus, this class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

36.     Plaintiff's claims are typical of the claims of other members of the Proposed Class in that for each of the several acts described above, the Plaintiff is or was an injured party.

6

37.     Plaintiff will fairly and adequately protect and represent the interests of the Proposed Class.

38.     Plaintiff has the time and resources to prosecute this action and has retained counsel who have had significant experience in matters involving employee rights, the WARN Act, and other class and collective action litigation.

39.     The Proposed Class meets the requirements of Federal Rule Civil Procedure 23(a) for class certification.

40.     The Proposed Class meets the requirements of Federal Rule Civil Procedure 23(b)(3) because the questions of law or fact common to the members of the Proposed Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41.     No Proposed Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

42.     Upon information and belief, no litigation concerning the WARN Act rights of any Proposed Class member has been commenced by any other employee than Plaintiff.

43.     Concentrating all the potential litigation concerning the WARN Act rights of the Proposed Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Proposed Class members.

44.     Upon information and belief, the Defendants' books and records contain the identity of the Proposed Class members.

45.     Upon information and belief, Defendants' books and records contain a recent residential address of each Proposed Class member.

46.     Upon information and belief, the Defendants' books and records contain the rate of pay and benefits that it paid to each Proposed Class member at the time of his/her termination.

47.     As a result of Defendants' violation of the WARN Act, Plaintiff and the other members of the Proposed Class have been damaged in amounts equal to the sum of:  (a) their respective last wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving; for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefits plans had that coverage continued for that period.

WHEREFORE, Plaintiff demands a judgment against Defendants as follows:

a.     an amount equal to the sun of all of the Aggrieved Employees':  unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for sixty (60) days following the member employee's termination, that would  have been covered and paid under the then applicable employee benefit plans had that coverage for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A).

b.     Certification that Plaintiff and the Proposed Class members constitute a single class;

c.     Appointment of the undersigned attorneys as Class Counsel;

d.     Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to her for her services as such;

e.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

f.    The reasonable attorneys' fees and the costs and disbursements Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

g.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

48.    Plaintiff demands trial by jury.

Respectfully submitted,


**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*s/ Wolfgang M. Florin*
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary: wolfgang@fgbolaw.com
Secondary: tina@fgbolaw.com
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No. 77105
Primary: scott@fgbolaw.com
Secondary: tina@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: gina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Attorneys for Plaintiff*