UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-cv-24573-JLK

GIOVANNA SUAREZ, *on behalf of
herself and all others similarly situated,*

    Plaintiff,
v.

COMPREHENSIVE HEALTH
SERVICES, LLC and CALIBURN
INTERNATIONAL, LLC,

    Defendants.
_____/

## MOTION FOR LEAVE TO FILE SINGLE ISSUE MOTION FOR SUMMARY JUDGMENT AS TO INAPPLICABILITY OF THE WARN ACT, AND INCORPORATED MEMORANDUM OF LAW

Defendants, Comprehensive Health Services, LLC (hereinafter "CHS") and Caliburn International, LLC (hereinafter "Caliburn") (collectively "Defendants"), by and through their undersigned counsel, and pursuant to S.D. Fla. Local Rule 7.1(c)(2), hereby submit their Motion for Leave to File Single Issue Motion for Summary Judgment as to Inapplicability of the WARN Act, and Incorporated Memorandum of Law. A complete copy of Defendants' Motion for Summary Judgment and supporting documentation is attached hereto as Exhibit 1. In support thereof, Defendants state as follows:

    1.    On or about November 5, 2019, the Plaintiff, Ms. Giovanna Suarez (hereinafter "Suarez" or "Plaintiff") filed a Complaint alleging that she and a proposed class of similarly situated individuals are entitled to damages under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et seq*. (the "WARN Act"), as a result of the closure

of the Homestead Emergency Temporary Shelter for Unaccompanied Minors (the "Homestead Shelter"), which was operated by CHS. (ECF 1)

2. Specifically, the Complaint asserts:

Plaintiff, and the class of similarly situated employees she seeks to represent, were terminated as part of, or as a result of, a shutdown or mass layoff ordered by Defendants. As such, Defendants have violated the WARN Act by failing to give Plaintiff, and the class of similarly situated employees she seeks to represent, at least sixty (60) days advance written notice of termination. As a consequence, Plaintiff and other similarly situated employees, are entitled under the WARN Act to recover from Defendants 60 days' wages and ERISA benefits, none of which have been paid.

(ECF 1 ¶ 2.)

3. Defendants dispute Plaintiff's allegations. It is an indisputable fact that the federal government — not either Defendant — ordered the shutdown that caused the termination of Plaintiff's employment. In such circumstances, the WARN Act does not apply as a matter of law. *See, e.g., Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043 (9th Cir. 2006). Accordingly, Defendants intend to move for summary judgment as to the wholesale inapplicability of the WARN Act.

4. If the Court agrees that the WARN Act does not apply, this matter will be fully resolved. Moreover, Defendants will have preserved judicial resources and avoided significant and needless expense in discovery concerning claims for which they face no prospect of liability.

5. Under Local Rule 7.1(c)(2), "[f]iling and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court." Thus, Defendants wish to pursue a motion for summary judgment solely on the issue of the inapplicability of the WARN Act.

6.　　Although Defendants' proposed motion would not be a motion for *partial* summary judgment, as it would — if granted — result in a complete dismissal of all claims, Defendants still seek the Court's leave.

7.　　If the motion for summary judgment as to the inapplicability of the WARN Act is denied, Defendants anticipate that following sufficient discovery, they will require only one additional motion for summary judgment as to the remaining issues.

8.　　Therefore, Defendants seek the Court's permission to: (i) file now a single-issue motion for summary judgment as to the inapplicably of the WARN Act and (ii) reserve the right to file later a second motion for summary judgment in the event the Court denies Defendants' initial motion.

## **MEMORANDUM OF LAW**

Local Rule 7.1(c)(2) provides in full as follows:

> (2) *Length*. Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages; a reply memorandum shall not exceed ten (10) pages. Title pages preceding the first page of text, tables of contents, tables of citations, "request for hearing" sections, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages for purposes of this rule. Filing and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court. This prohibition does not preclude a party from filing both a motion for summary judgment asserting an immunity from suit and a later motion for summary judgment addressing any issues that may remain in the case. This prohibition also is not triggered when, as permitted by Fed. R. Civ. P. 12(d), the Court elects to treat a motion filed pursuant to Fed. R. Civ. P. 12(b) or 12(c) as a summary judgment motion.

A review of the history of the Rule reveals that the intent behind the prohibition was to prevent parties from circumventing the 20-page limitation on summary judgment briefing. *See, e.g.*, *Dawson v. Miami-Dade Cty.*, 2008 WL 11407195, at *1 (S.D. Fla. Jan. 24, 2008) ("Though the language of the Rule has changed over the years, prior iterations and current comments reveal

that its purpose is to promote efficiency by preventing the filing of motions for partial summary judgment as to separate counts within a claim *in order to exceed the number of pages allotted* to address an entire claim.") (emphasis added).  Thus, Defendants' purpose here — the potential early resolution of the case on a discrete, dispositive issue — stands in stark contrast.  Indeed, because resolution of the discrete, threshold issue of whether the WARN Act applies to a government-ordered shutdown could resolve the entire case, it is akin to an immunity defense, for which Defendants would not need to seek the Court's leave to file two summary judgment motions. S.D. Fla. L.R. 7.1(c)(2) ("This prohibition does not preclude a party from filing both a motion for summary judgment asserting an immunity from suit and a later motion for summary judgment addressing any issues that may remain in the case.")

Defendants' request for permission to file is otherwise based on good cause. Specifically, Defendants' proposed motion is based on indisputable evidence that they can proffer without need for additional discovery, and thus promises to avoid the unnecessary expense of litigating a dispositive issue over the course of discovery.  By adjudicating the inapplicability of the WARN Act now, the proposed motion also would preserve judicial resources while obviating the need for further discovery, and promote the efficient resolution of this entire dispute. Any successive summary judgment motion, if permitted, is expected to raise completely different issues and would not be used as an opportunity for Defendants' to redo, supplement, or correct any deficiencies in the initial motion.[1] *See Middlegate Development, LLP v. Beede*, 2011 WL 3475474, *11 n. 26 (S.D. Ala. Aug. 9, 2011).

Additionally, Defendants are seeking the Court's permission prior to the filing of any summary judgment motions, and are not making this request either for purposes of delay or to

---

[1] This is assuming the Court does not affirmatively direct Defendants to re-file for summary judgment on the applicability of the WARN Act.

prejudice the Plaintiff. *Cf. Celebration Source, Inc. v. Aga Enterprises*, LLC, 2020 WL 3066449, at *2 (S.D. Fla. May 28, 2020) (denying leave to file second motion where defendant waited until less than two-months before the trial date to seek leave and deadline for filing summary judgment had passed). Under the Court's Scheduling Order (ECF 10), the dispositive motions deadline is set for January 4, 2021, which leaves adequate time for the parties to fully brief the Court on the government-ordered shutdown issue, continue ongoing fact discovery as appropriate, and if necessary, file additional summary judgment motions.

Here, the requested single issue motion for summary judgment seeks early determination of a question of law to resolve the litigation. As such, Defendants' request is readily distinguished from those cases where parties sought to evade the purposes behind Local Rule 7.1(c)(2). *See, e.g.*, *Novartis Consumer Health v. Elan Transdermal Technologies*, 209 F.R.D. 507 (S.D. Fla., 2002) (party filed four separate motions for summary judgment for a total of sixty pages to evade the twenty page requirement); *Jeffery O. v. City of Boca Raton*, 511 F. Supp. 2d 1328 (S.D. Fla., 2007) (party filed cross-motion for summary judgment addressing the issue of standing three years after filing its first motion for summary judgment).

Accordingly, based on the foregoing, Defendants submit that they have demonstrated good cause and should be granted leave to file a motion for summary judgment as to the inapplicability of the WARN Act, without prejudice to Defendants' ability to file an additional motion for summary judgment should any issues remain.

WHEREFORE, Defendants respectfully request the Court's entry of an order (a) granting Defendants leave to file the proposed motion for summary judgment as to the inapplicability of the WARN Act, without prejudice to filing a second motion for summary judgment on any remaining issues should the single-issue motion for summary judgment not be granted or prove

dispositive of the case; and (b) docketing Defendants' Motion for Summary Judgment, including the accompanying Memorandum of Law and other supporting documentation, as currently attached as Exhibit 1 hereto.

## CERTIFICATE OF CONFERRAL

In compliance with Local Rule 7.1(a)(3), counsel for the Defendants discussed the contents of this motion with Plaintiff's counsel. On September 3, 2020, Mark Churchill, Esq., counsel for Defendants, communicated with Scott Terry, Esq., counsel for Plaintiff, wherein Plaintiff stated it did not consent to the relief requested in this motion.

DATED this 19th day of September, 2020.

By: _____s/ *Sydney B. Alexander*_____
Sydney B. Alexander
Florida Bar No. 1019569
sydney.alexander@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone (305) 374-8500
Facsimile (305) 789-7799

Mark H. Churchill, Esq. (admitted *pro hac vice*)
mark.churchill@hklaw.com
Kevin M. D'Olivo, Esq. (admitted *pro hac vice*)
kevin.dolivo@hklaw.com
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Telephone: 703-720-8600
Facsimile: 703-720-8610

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 19th day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record listed below on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Sydney B. Alexander*
Sydney B. Alexander

Wolfgang M. Florin, Esq.
Florida Bar No. 907804
E-mail: *wolfgang@fgbolaw.com*
Scott L. Terry, Esq.
Florida Bar No. 77105
E-mail: *scott@fgbolaw.com*
Miguel Bouzas, Esq.
Florida Bar No. 48943
E-mail: *miguel@fgbolaw.com*

**FLORIN GRAY BOUZAS OWENS, LLC**
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone: (727) 254-5255

*Counsel for Plaintiff*